15880

## STATE v. MASON.
(40 S. E. (2d), 164)

Mr. *W. D. Jenerette,* of Mullins, for Appellant. *Solicitor Sidney S. Tison,* of Bennettsville, for Respondent.

November 6, 1946.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous opinion of the Court.

Appellant pleaded guilty at the November, 1945, term of the Court of General Sessions of Dillon County to an indictment which charged the possession of unstamped (or "contraband") whiskey. Before sentence, the court heard a statement by the sheriff of the circumstances of the arrest and the condition about the home of appellant and stated that numerous complaints had been made by neighbors of the defendant, who had the reputation of being "the biggest bootlegger" in his section of the county. It further appeared that about four years before he had entered a similar plea of guilty to the charge of possession of a small quantity of illegal liquor. Thereupon the presiding judge sentenced the appellant to eighteen months' labor, the balance of the term to be suspended after service of eight months, upon four years' probation. The appeal is upon the ground of the alleged illegality of the sentence.

The case is unusual in that the State admits error. Act No. 211 of 1945, 44 Stat., 337, superseded and repealed the former liquor laws and the offense at hand occurred after it became effective. Formerly, section 1845 of the Code of 1942 provided for a second offense of this nature a penalty of not less than six months at hard labor, in addition to any fine. The record does not disclose whether the repeal of that provision was brought to the attention of the judge, but he appears to have proceeded under the supposed authority of it.

The cited Act of 1945, by section 14 (a) and (b), makes possession of illegal, unstamped alcoholic liquor a misdemeanor, and sec. 14 (i) (1) fixes the penalty for violation at a fine of not over one hundred dollars or imprisonment of not more than fifteen days. There appears to be no provision for an increased punishment for a second or subsequent offense. At any rate, question of the latter does not arise on this appeal.

It is clear that the sentence under appeal exceeded that prescribed by the applicable statute, so the sentence must be set aside and the case remanded to the Court of General Ses-

sions for re-sentence of the appellant in accord with the terms of the governing statute. The exception is sustained.

Reversed and remanded.

Mr. Chief Justice Baker and Messrs. Associate Justices Fishburne, Taylor and Oxner concur.